# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| United States of America, | ) | |
| --- | --- | --- |
| Respondent, | ) | |
| | ) | No. 20 CV 50236 |
| v. | ) | Judge Iain D. Johnston |
| | ) | |
| Michael Flournoy, | ) | |
| Movant. | ) | |

## MEMORANDUM OPINION AND ORDER

Michael Flournoy has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Specifically, he contends that the sentencing court miscalculated his sentencing range under the U.S. Sentencing Guidelines by including criminal history points for a prior conviction that was later vacated. For the reasons that follow, Mr. Flournoy's motion is denied.

## BACKGROUND

A jury found Mr. Flournoy guilty of two offenses involving cocaine, conspiracy to possess with the intent to distribute, and attempted possession with the intent to distribute. *See United States v. Sanabria-Sanchez, et al.*, No 12 CR 50044 (N.D. Ill.) ("Crim.") Dkt. 102. On June 17, 2014, District Judge Kapala, who has since taken inactive senior status, sentenced Mr. Flournoy. He calculated his offense level under the U.S. Sentencing Guidelines to be 32, his criminal history points to be 9 yielding a criminal history category of IV, his guidelines sentencing range to be 168-210 months, and sentenced him to 204 months' incarceration plus five years' supervised release. Crim. Dkt. 217, 237 at 24. Mr. Flournoy appealed seeking a new trial, arguing that the government used perjured testimony, its evidence was insufficient, and its closing argument was improper. *See United States v. Flournoy*, 842 F.3d 524 (7th Cir. 2016). He also argued that the sentencing court erred by imposing discretionary conditions of supervised release without explaining its rationale. *Id.* The Seventh Circuit affirmed Mr. Flournoy's conviction, but vacated his sentence and remanded for resentencing to correct the conditions of supervised release. *Id.* at 530-31. On April 26, 2017, Judge Kapala entered an amended judgment resentencing Mr. Flournoy. Crim. Dkt. 327. Because of an intervening reduction to offense levels for drug offenses under the sentencing guidelines, on resentencing Judge Kapala calculated a total offense level of 30, a criminal history category that remained IV, a new guidelines range of 135-168 months, and sentenced him to 160 months' incarceration plus five years' supervised release. Crim. Dkt. 327, 345 at 9, 18. Mr. Flournoy again appealed, but the Seventh Circuit affirmed. *See United States v. Flournoy*, 714 Fed. Appx. 587 (7th Cir. 2018).

On March 14, 2019, Mr. Flournoy filed his first motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence because the government suppressed favorable

evidence, his appellate counsel was ineffective, and he is actually innocent. *See Flournoy v. United States*, No. 19 CV 50067 (N.D. Ill.). On April 16, 2020, Judge Kendall, who inherited the case from Judge Kapala, denied the motion. *Id.*

While his first § 2255 motion was pending, on April 8, 2019, Mr. Flournoy filed a motion in state court seeking to vacate a 2002 conviction for violating 720 ILCS 5/24-1.6(A)(1)(3)(A), aggravated unlawful use of a weapon. Dkt. 1 at 40. In his motion to vacate, Mr. Flournoy argued that his conviction was invalid because in 2015 the Illinois Supreme Court found that 720 ILCS 5/24-1.6(A)(1)(3)(A) was facially unconstitutional in *People v. Burns*, 79 N.E.3d 159 (Ill. 2015). *Id.* On August 1, 2019, the state court granted his motion and vacated his 2002 conviction. Dkt. 1 at 42-43. Mr. Flournoy never alerted either Judge Kapala or Judge Kendall while his initial § 2255 remained pending that his state conviction had been vacated on August 1, 2019.

A week-and-a-half after Judge Kendall denied Mr. Flournoy's first § 2255 motion, on April 27, 2020, he filed a motion with the Seventh Circuit seeking authorization to file a second or successive § 2255 motion based on his vacated state conviction. *See Flournoy v. United States*, No. 20-1756 (7th Cir.). He proposed arguing in a successive § 2255 that his sentencing range under the advisory guidelines was improper because three of his nine criminal history points were attributable to his state court weapons conviction that had now been vacated. Dkt. 1 at 48. On June 5, 2020, the Seventh Circuit denied authorization because Mr. Flournoy did not satisfy either of the two requirements to obtain leave to file a successive petition in that he did not rely on newly discovered evidence of his actual innocence, or a new constitutional rule that the Supreme Court made retroactive. *Id.* Dkt. 1 at 49. The Seventh Circuit also questioned whether Mr. Flournoy even needed leave to file his proposed § 2255 because "if a claim depends on facts that did not exist at the time of a first collateral attack, then a new collateral attack raising that claim will not be successive," citing *United States v. Obeid*, 707 F.3d 898, 902-03 (7th Cir. 2013). Dkt. 1 at 49. But the Seventh Circuit foresaw two potential problems for Mr. Flournoy if he attempted to avail himself of *Obeid*. First, even though Mr. Flournoy's state weapons conviction was vacated after he filed his original § 2255 motion, he might still have been able to raise the issue in his original § 2255, for instance he could have asked to amend. *Id.* Second, it noted that challenges to an advisory guidelines range are not cognizable in a collateral attack, citing *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013). *Id.*

On June 16, 2020, Mr. Flournoy filed the instant § 2255 motion. Dkt. 1. As proposed, he argues that he should be resentenced because Judge Kapala's calculation of his guidelines range included three criminal history points for a state weapons offense that has since been vacated. He also argues that the three criminal history points should be set aside for the additional reason that his Presentence Investigation Report which sets out his guidelines calculations refers to his 2002 weapons offense not as "Aggravated Unlawful Use of a Weapon," the offense for which he had been convicted, but rather as the "Aggravated Unlawful Use of a Vehicle," an offense Mr. Flournoy contends does not exist. The court set a briefing schedule and the motion is now fully briefed. Before the government responded, Mr. Flournoy filed a motion to amend [5] his § 2255 because one page of his supporting memorandum was missing, and he attached the complete memorandum. The motion to amend [5] is granted.

## ANALYSIS

The normal avenue available to a federal prisoner to collaterally attack his sentence is 28 U.S.C. § 2255. But the ability to obtain relief under § 2255 is limited: for instance, a motion must be brought within one year of the conclusion of the direct appeal, *see* 28 U.S.C. § 2255(f); a prisoner may bring only one motion under § 2255 as of right, *see* § 2255(h); and a second or successive motion must be based on either newly discovered evidence or a Supreme Court case involving a new interpretation of the U.S. Constitution, *see* § 2255(h)(1), (2). There are limited exceptions. Even though a federal prisoner has already filed one § 2255 motion that was fully adjudicated, a subsequent § 2255 motion will not be considered "second or successive," and thus will not require authorization, where the motion is "based on a claim that did not become ripe any earlier than until after the adjudication of the petitioner's first petition." *United States v. Obeid*, 707 F.3d 898, 903 (7th Cir. 2013). Applying *Obeid*, in *McNair v. United States*, 962 F.3d 367, 369 (7th Cir. 2020), the Seventh Circuit held that "a § 2255 petition based on the vacatur of a state conviction may be maintained as an 'initial' § 2255 motion on the theory that the claim was unripe until the state court acted."

However, *Obeid* and *McNair* establish only the potential that Mr. Flournoy can proceed. Motions brought under 28 U.S.C. § 2255 must satisfy other requirements, including one that Mr. Flournoy cannot: timeliness. Under § 2255(f)(4), a motion must be brought within a year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." As applied to a motion based on a vacatur order, the year begins on the date that the movant "'is in a position to realize that he has an interest in challenging the prior conviction with its potential to enhance the later sentence,'" which is no later than "'the date of judgment.'" *McNair*, 962 F.3d at 369-70 (quoting *Johnson v. United States*, 544 U.S. 295, 308-09 (2005)). In *McNair*, the defendant's date of judgment for his federal conviction was July 22, 2003, but he did not first seek to vacate an earlier state conviction that contributed criminal history points to his federal sentence until four years later in July 2007, which the Seventh Circuit held was well beyond the year allowed under § 2255(f)(4) and far too late. *Id.* at 370.

As applied to Mr. Flournoy's case, the date of his amended judgment was April 26, 2017, but he waited until April 8, 2019, to first seek to vacate his state weapons conviction, which under *McNair* was beyond the year allowed under § 2255(f)(4). The Illinois Supreme Court had held in 2015 that the state statute of conviction, 720 ILCS 5/24-1.6(A)(1)(3)(A), was facially unconstitutional and so nothing impeded him from seeking to vacate his state weapons conviction within one year of his amended judgment. Thus, even though the state conviction was not actually vacated until August 1, 2019, and he filed this § 2255 motion less than a year later on June 16, 2020, his year to file began not on August 1, 2019, but rather on April 26, 2017, the date by which he was "in a position to realize that he ha[d] an interest in challenging the prior conviction." *McNair*, 962 F.3d at 369-70 (internal quotation marks and citation omitted). Accordingly, Mr. Flournoy's § 2255 motion based upon his vacated state conviction is untimely and for that reason is denied.

Although the Court has determined that Mr. Flournoy's motion must be denied as untimely, for completeness it briefly addresses two other arguments the parties have made. First,

Mr. Flournoy argues that he should not have received the three criminal history points because his PSR identified his previous offense as "Aggravated Unlawful Use of a Vehicle" rather than "Aggravated Unlawful Use of a Weapon." But that is an argument Mr. Flournoy could have made at sentencing or on direct appeal, and he has not identified both cause and prejudice for excusing that procedural default. *See McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016) (issues not raised at trial or on direct appeal are barred from collateral review and procedurally defaulted unless the defendant can show both cause and prejudice from the failure to appeal). In any event, under U.S.S.G. 4A1.1(a), three criminal history points are assessed based not on the name or nature of the offense, but rather because his sentence for the offense exceeded one year and one month, specifically, seven years. Thus, the misnomer did not affect the assessment of his criminal history points.

Second, the government argues that Mr. Flournoy's motion must be denied for the additional reason that errors in calculating a defendant's sentencing range under the guidelines are not cognizable under 28 U.S.C. § 2255 now that the guidelines are merely advisory and no longer mandatory. *See United States v. Hawkins*, 706 F.3d 820, 824 (7th Cir. 2013). The Seventh Circuit raised the same point when denying Mr. Flournoy authorization to file a second or successive § 2255 motion. *See* Dkt. 1 at 49. However, the Court is not convinced that Mr. Flournoy's state court vacatur is relevant only to the assessment of criminal history points under the guidelines. A defendant's criminal past is also relevant to that defendant's history and characteristics, which a sentencing court *must* take into account under 18 U.S.C. § 3553(a)(1). But the Court need not address the issue further because even if his argument was cognizable under § 2255, his motion must still be denied as untimely.

## CONCLUSION

For the reasons given, Mr. Flournoy's motion to amend [5] is granted, but his motion under § 2255 [1] is denied.

Mr. Flournoy is advised that this is a final decision ending his case in this Court. If he wants to appeal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Mr. Flournoy need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if he wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi). The time to file a Rule 59(e) or 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings for the United States District Courts, the Court declines to issue a certificate of appealability. A certificate may issue

only if defendant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The court finds that while defendant has attempted to raise claims through his motion for relief under § 2255, his claims are either untimely, procedurally defaulted and/or without merit, and the Court does not find that "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (quotations omitted). As such, the Court declines to issue a certificate of appealability.

Date: May 10, 2021        By: _____
                                        Iain D. Johnston
                                        United States District Judge